UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                                              ) | Case No. 21-cr-226 (CRC) |
| ) | |
| ) | |
| CHRISTOPHER MOYNIHAN       ) | |
| Defendant.             ) | |
| _____) | |

## DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) and 38(b)(1), defendant Christopher Moynihan respectfully moves this Court for release pending appeal. Mr. Moynihan satisfies the criteria for release on appeal because he poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises a substantial question of law that, if decided in his favor, would likely result in a reduced sentence that would expire before his appeal concludes. In particular, a substantial question exists as to whether the statute underlying Mr. Moynihan's sole felony conviction, 18 U.S.C. § 1512(c)(2), applies to his conduct on January 6, 2021, in light of the Supreme Court's decision to grant a writ of certiorari in *Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

### Relevant Background

After Mr. Moynihan's arrest on February 25, 2021, he was release on personal recognizance. On March 17, 2021, he was charged by indictment with one felony

1

and five misdemeanors: obstruction of an official proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One); entering and remaining in a restricted building in violation of 18 U.S.C. § 1752(a)(1) (Count Two); disorderly and disruptive conduct in a restricted building in violation of 18 U.S.C. § 1752(a)(2) (Count Three); entering and remaining on the floor of Congress in violation of 40 U.S.C. § 5104(e)(2)(A) (Count Four); disorderly conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five); and parading, demonstrating or picketing in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Six).

On August 14, 2022, Mr. Moynihan filed a motion to dismiss Count One, charging obstruction, specifically citing to *United States v. Miller*, 21-cr-119 (CJN), 2022 WL 823070 (D.D.C. March 7, 2022), a companion case to *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), in which the Honorable Judge Nichols held that "§ 1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." ECF 37 at 3, n.3 (citing *Miller* mem. op at 28). Mr. Moynihan thus argued that the indictment failed to allege that he took some action with respect to a document, record, or other object in order to corruptly obstruct, impede, or influence Congress's certification of the electoral vote. ECF 37 at 3. The Court denied the

motion on August 22, 2022. ECF 41. On April 7, 2023, the D.C. Circuit decided *Fischer*, adopting a "broad interpretation" of § 1512(c)(2) that "encompass[es] all forms of obstructive acts[,]" not just those related to a "record, document or other object" as required in Section 1512(c)(1). *Fischer*, 64 F.4th 327, 338 (D.C. Cir. 2023), *cert. granted,* No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023).

On August 23, 2022, following a stipulated trial on Count One (obstruction), Mr. Moynihan entered guilty pleas as to Counts Two-Six.

On February 3, 2023, Mr. Moynihan was sentenced to an aggregate term of 21 months' imprisonment (21 months on Count One, 12 months on Counts Two and Three, and 6 months on Counts Four, Five, and Six, all to be served concurrently). He filed a timely notice of appeal, and he surrendered to the Bureau of Prisons on March 29, 2023.

On December 13, 2023, the Supreme Court granted a writ of certiorari in *Fischer,* which presented the following question: "Did the D.C. Cir. err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" Pet. For a Writ of Certiorari at I, *Fischer v. United States*, No. 23-5572 (Sept. 11, 2023), *cert. granted*, 2023 WL 8605748 (Dec. 13, 2023).

## Grounds for Release Pending Appeal

Where a judicial officer finds--

(A) by clear and convincing evidence that the person is not likely to flee for pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

    (i) reversal,

    (ii) an order for a new trial,

    (ii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

. . . such judicial officer *shall order the release of the person* in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1) (emphasis added). Mr. Moynihan meets all the criteria for release pending appeal.

**A.  Mr. Moynihan poses no flight or safety risk.**

The Court previously concluded that Mr. Moynihan posed no flight or safety risk when it released him on personal recognizance on March 3, 2021, where he remained until his surrender on March 29, 2023. Mr. Moynihan's offense did not

involve violence, and his conduct during the two-year period of pretrial release demonstrated by clear and convincing evidence that he will not flee and is not a safety risk; he complied with all conditions of release, appeared for all court appearances, and expressed remorse for his conduct. If released, Mr. Moynihan will live with his parents, as he did during the period of his pretrial release.

**B.      Mr. Moynihan's appeal raises a substantial question and therefore is not for the purpose of delay.**

After determining that a defendant is neither a flight risk nor a danger to the community, courts use a two-step inquiry to determine whether to release the defendant pending appeal under § 3143(b)(1): "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to [one of the options enumerated in § 3143(b)(1)(i)-(iv)]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curium).

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *Id.* (citing *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). The appeal bond standard does not require the Court to find that Mr. Moynihan's appeal establishes a likelihood of reversal. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

The Supreme Court's decision to grant a writ of certiorari in *United States v. Fischer* demonstrates that the applicability of § 1512(c)(2) to Mr. Moynihan's conduct is a substantial question of law. *See* Sup. Ct. R. 10 ("The following . . . indicate the character of the reasons the Court considers [when reviewing a writ of certiorari]: . . . a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court."). Stated simply, if no substantial question existed, certiorari in *Fischer* would have been denied.

Judges in this district have agreed that the issue to be decided in *Fischer* raises a substantial question of law for those convicted under § 1512(c)(2) for their conduct on January 6, 2021. *See United States v. Sheppard,* No. 21-cr-203 (JDB) (finding Supreme Court's grant of writ of certiorari in *Fischer* raises a substantial question as to validity of § 1512(c)(2) conviction); *United States v. Adams*, No. 21-cr-354 (APM) (same). *See also* Min. Order, *United States v. Jones*, No. 21-cr-213 (RJL) (postponing sentencing for defendant convicted under § 1512(c)(2) in light of grant of writ of certiorari in *Fischer*); Min. Order, *United States v. Zink*, No. 21-cr-191 (JEB) (same); Min. Order, *United States v. Clark*, No. 21-cr-538 (DLF) (same); Min. Order, *United States v. Fonticoba*, No. 21-cr-628 (TJK) (denying stay of sentencing pending Supreme Court's decision in *Fischer*, but stating that "if Defendant receives a sentence of incarceration," the "Court will consider any request that he remain on release pending appeal").

**C.  Resolution of this substantial question in Mr. Moynihan's favor would likely result in a reduced sentence of imprisonment that would expire before the appeal concludes.**

If decided in Mr. Moynihan's favor, reversal of his § 1512(c)(2) conviction is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv).

Under the sentencing-package doctrine, each of the misdemeanor sentences would be vacated upon the reversal of the felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006).

Mr. Moynihan's term of imprisonment was driven by the 21-month sentence on the sole felony conviction, § 1512(c)(2), and would look very different without that conviction. That conviction resulted in a total offense level of 14 (base offense level 14, plus 3 levels for substantial interference with justice, minus 3 levels for acceptance of responsibility) and Criminal History Category II (18-24 month range). Sent. Tr. at 42. The remaining, concurrent sentences for Mr. Moynihan's misdemeanor convictions were all less (12 months on Counts Two and Three, and 6 months on Counts Four, Five, and Six, to be served concurrently). ECF 55

7

(Judgment). Without the felony conviction, Mr. Moynihan's misdemeanor sentences likely would have been even lower.

Mr. Moynihan's sentences on the Class A misdemeanors would be governed by USSG § 2B2.3(a) (Count Two) and § 2A2.4 (Count Three). PSR ¶ 30. Because those counts are grouped, the "offense level applicable to the Group is the offense level which produces the highest offense level," PSR ¶ 31, which is § 2A2.4, providing an offense level of 10. Subtracting 2 levels for acceptance of responsibility, and at Criminal History Category II, the guideline range is 4-10 months. As of the date of this filing, Mr. Moynihan is days away from having served the top of that guideline range, 10 months' imprisonment, after having surrendered on March 29, 2023. Additionally, the current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months.[1]

Thus, Mr. Moynihan's likely reduced sentence assuming the Section 1512(c)(2) conviction is vacated would be no more than the nearly 10 months he has already served. Indeed, it likely would be less than 10 months: In other cases

---

[1] U.S. Court of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at*
https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf

involving misdemeanor-only January 6 defendants, this Court has consistently imposed sentences of no more than two months' of incarceration[2] or probation only.[3]

---

[2] *See, e.g., United States v. Ryan*, 21-cr-50 (CRC) (60 days' imprisonment); *United States v. Courtright*, 21-cr-72 (CRC) (30 days' imprisonment); *United States v. Scirica*, 21-cr-457 (CRC) (15 days' imprisonment); *United States v. (Paul) Von Bernewitz*, 21-cr-307 (CRC) (30 days' imprisonment); *United States v. Kidd,* 21-cr-429 (CRC) (45 days' imprisonment); *United States v. McDonald*, 21-cr-429 (CRC) (21 days' imprisonment); *United States v. Gold*, 21-cr-85 (CRC) (60 days' imprisonment); *United States v. Hyland*, 21-cr-50 (CRC) (7 days' imprisonment); *United States v. Lazo*, 21-cr-425 (CRC) (45 days' imprisonment); *United States v. Galloway*, 22-cr-12 (CRC) (30 days' imprisonment); *United States v. (Loammi) Yazdani-Isfehani*, 21-cr-543 (CRC) (14 days' imprisonment); *United States v. Schwab*, 21-cr-50 (CRC) (45 days' imprisonment); *United States v. Kelley*, 22-cr-222 (CRC) (60 days' imprisonment); *United States v. Barber*, 21-cr-228 (CRC) (45 days' imprisonment); *United States v. Baouche*, 21-cr-733 (CRC) (30 days' imprisonment). *But see United States v. Niemela*, 21-cr-623 (CRC) (11 months' imprisonment for defendant who breached police lines three times and who refused to accept responsibility for her conduct); *United States v. Huttle*, 22-cr-403 (CRC) (6 months' imprisonment for defendant who entered Capitol building with the intent to harm, or arrest, elected officials, berated officers, directed others to find members of Congress, and evaded officers trying to direct him out of the building).

[3] *See, e.g., United States v. Moncada*, 22-cr-366 (CRC) (36 months' probation); *United States v. Wilkerson*, 21-cr-302 (CRC) (same); *United States v. Sizer*, 21-cr-621 (CRC) (12 months' probation); *United States v. Lewis*, 21-cr-100 (CRC) (24 months' probation); *United States v. Gonzalez*, 21-cr-115 (CRC) (same); *United States v. O'Malley*, 21-cr-704 (CRC) (same); *United States v. (Abigail) Yazdani-Isfehani*, 21-cr-543 (CRC) (same); *United States v. Castle*, 22-cr-261 (CRC) (36 months' probation); *United States v. DiFrancesco*, 22-cr-261 (CRC) (same); *United States v. (Bradley) Bokoski,* 22-cr-207 (CRC) (same); *United States v. (Matthew) Bokoski*, 22-cr-207 (CRC) (same); *United States v. Johnson*, 22-cr-80 (CRC) (24 months' probation); *United States v. Ward*, 23-cr-271 (CRC) (same). *See also United States v. Hueso*, 22-cr-225 (CRC) (50 hours' community service); *United States v. Rutledge*, 23-cr-151 (CRC) (24 months' supervised release); *United States v. Ivey*, 21-cr-267 (CRC) (60 days' home detention); *United States v. (Eric) Von Bernewitz*, 21-cr-307 (CRC) (60 days' home detention;) *United States v. Sunstrum*, 21-cr-652 (CRC) (30 days' home detention).

## **Conclusion**

For these reasons, Mr. Moynihan respectfully moves for release pending appeal.

                                        Respectfully submitted,

                                        A. J. KRAMER
                                        Federal Public Defender for the
                                        District of Columbia

                                        By:_____/s_____
                                        Sandra Roland
                                        Assistant Federal Public Defender
                                        625 Indiana Avenue, N.W.
                                        Washington, D.C. 20004
                                        202-208-7500
                                        sandra_roland@fd.org