## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 21-CR-226 (CRC)** |
| | : | |
| **CHRISTOPHER MOYNIHAN,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR RELEASE PENDING APPEAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Christopher Moynihan's motion (ECF 68), seeking release pending appeal in light of the Supreme Court's recent decision to grant *certiorari* in *United States v. Fischer*, No. 23-5572, 2023 WL 8605478 (Dec. 13, 2023). Regardless of the outcome in *Fischer*, Moynihan cannot show that there is any likelihood that the outcome in *Fischer* will result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Accordingly, the Defendant's motion should be denied.

### I.      BACKGROUND AND PROCEDURAL HISTORY

The grand jury returned an indictment on March 17, 2021, charging the defendant with a felony violation of 18 U.S.C. § 1512(c)(2) (Count One), as well as misdemeanor violations of 18 U.S.C. § 1752(a)(1) (Count Two), 18 U.S.C. §1752(a)(2) (Count Three), 40 U.S.C. § 5104(e)(2)(A) (Count Four), 40 U.S.C. § 5104(e)(2)(D) (Count Five), and 40 U.S.C. § 5104(e)(2)(G) (Count Six).  On August 23, 2022, the defendant was convicted of Count One at a stipulated bench trial, and pled guilty to the remaining counts of the indictment. On February 3, 2023, Moynihan was sentenced to the following:

**Count One – 18 U.S.C. § 1512(c)(2):** 21 months of incarceration to run concurrently, twelve (36) months of supervised release to run concurrently and $100 special assessment;

**Counts Two and Three – 18 U.S.C. § 1752(a)(1), (2):** Twelve months of incarceration to run concurrently, twelve (12) months of supervised release to run concurrently and $25 special assessment;

**Counts Four, Five and Six – 40 U.S.C. § 5104(e)(2)(A), (D) and (G):** Six months of incarceration to run concurrently and $10 special assessment.

*See* ECF 55. On February 17, 2023, Moynihan filed a notice of appeal (ECF 57). On March 29, 2023, Moynihan surrendered to the Bureau of Prisons. According to the Bureau of Prisons website, Moynihan's scheduled release date is October 20, 2024.

## II.    LEGAL STANDARD

Moynihan's motion is governed by 18 U.S.C. § 3143(b). The statute does not authorize his release here.

Under 18 U.S.C. § 3143(b), a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)     "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
>
> (2)     that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). The requirements for "reversal" and "an order for a new trial" encompass all counts, not just a single count. *United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1988) (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of *all counts* on which imprisonment is imposed") (emphasis supplied). If a judicial officer finds that a defendant is eligible for release because the appeal is "likely" to result in "a reduced sentence to a term of imprisonment less than the total of the time

already served plus the expected duration of the appeal process," the remedy is not immediate release; rather, "the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B). It is the defendant's burden to make the requisite showing under 18 U.S.C. § 3143(b)(1)(B). *Perholtz*, 836 F.2d at 555-56 (referring to "the required showing on the part of the defendant"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007).

## III.   ARGUMENT

Even assuming that the *Fischer* issue raises a "substantial question," Moynihan fails to make the required showing for release. Moynihan cannot show that a reversal in *Fischer* would impact his conviction on Count One. Nor can he show that a reversal in *Fischer* that did impact his conviction on Count One would likely lead to reversal, an order for a new trial, or a non-jail sentence on all counts, given that there are other counts of conviction not at issue in *Fischer:* violations of 18 U.S.C. § 1752(a)(1) (Count Two), 18 U.S.C. §1752(a)(2) (Count Three), 40 U.S.C. § 5104(e)(2)(A) (Count Four), 40 U.S.C. § 5104(e)(2)(D) (Count Five), and 40 U.S.C. § 5104(e)(2)(G) (Count Six).

First, the dispute in *Fischer* is whether §1512(c)(2) "requires that the defendant have taken some action with respect to a *document, record, or other object* in order to corruptly obstruct, impede or influence an official proceeding." *See United States v. Fischer*, 64 F.4th 329, 334 (D.C. Cir. 2023) (emphasis added). But even under the district court's narrowed interpretation in *Fischer*, the statute would still apply to Moynihan's conduct. As Moynihan stipulated at the time of his trial and guilty pleas, after forcing his way into the Senate Chamber, Moynihan "paged through a notebook on top of a Senator's desk, taking out papers, and taking pictures with his cellphone." (ECF 43, at 8). The documents Moynihan rifled through (which were recorded on video) were

confidential and related to the certification of the Electoral College vote. *See* ECF 50 (Government Sentencing Memo) at 17; Government Sentencing Exhibit 13.



*Screenshot from Senate Video*




*Screenshots from video taken by Moynihan (Government Sentencing Exhibit 13) at :00, :03*

Moynihan grew increasingly frustrated, and, in reference to the papers he was rifling through, said "[t]here's gotta be something in here we can fucking use against these scumbags." *See* Ex. 13 at :11 - :15; Government Sentencing Exhibit 14.

4



*Ex. 14 at :18*



*Ex. 14 at :47*

Because Moynihan's conduct involved taking action against documents related to the Electoral Certification in order to influence an official proceeding, Moynihan's conviction on Count One would stand even if the Supreme Court adopts the district court's narrowed interpretation of § 1512(c)(2).

Second, even if a decision in *Fischer* impacted Moynihan's § 1512(c)(2) conviction, he cannot show this would be "likely" to lead to "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," given his other counts of conviction. Even without Count One, the Court could readily find at a resentencing, in light of the aggravating facts, that it would be appropriate to run defendant's sentences on his other Counts at least partially consecutively: Moynihan was among the first rioters

to enter the Capitol Grounds by breaching police barricades on the East Front. When rioters pushed through the police line at the base of the steps, Moynihan climbed the steps and joined the rioters outside the Rotunda Door. Moynihan watched as rioters attacked police trying to defend the door, and continued pushing his way forward. When he got to the front of the rioters, he took advantage of a break in the police line to enter the Capitol through the Rotunda Door, saying, "And we're fucking in!" Once inside, Moynihan marched directly to the Senate Chamber, chanting and shouting as he walked through the halls of the Capitol. After briefly entering the Senate gallery, Moynihan went down a level and entered the Senate Chamber itself. While inside, Moynihan rifled through a notebook on top of a Senator's desk, saying "There's gotta be something in here we can fucking use against these scumbags." Moynihan also occupied the dais of the Senate, joining other rioters in shouts and chanting. Moynihan did not leave the Senate Chamber until he was forced out by police. Finally, the Court will recall that Moynihan has never expressed remorse for his actions, including at the time of sentencing.

Based on these facts, and combined with the serious need for general and specific deterrence, the Court's original 21-month sentence would still be justified, even were Count One to be dismissed. At a minimum, a sentence of at least 14 months (just two months longer than his existing sentences on Counts Two and Three) would be justified, which is the time between Moynihan's reporting date and June 2024, when a decision in *Fischer* is expected.[1] Thus, even a reversal of his § 1512(c)(2) conviction would not "likely" result in "a reduced sentence to a term

---

[1] While the government expects a decision in *Fischer* in June, defendant's appeal of his own § 1512(c)(2) conviction will not be resolved until sometime after that. Once *Fischer* is decided, defendant can renew this motion if warranted.

of imprisonment less than the total of the time already served plus the expected duration of the appeal process."[2]

  And even if the Court were to find it "likely" that the defendant would be resentenced to less than 14 months, the remedy is not to release the defendant now. Instead, the statute directs the Court to order the defendant released only once he has served the amount of time he is likely to serve upon resentencing, not immediately. 18 U.S.C. § 3143(b)(1)(B) ("in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated *at the expiration of the likely reduced sentence*") (emphasis supplied). Therefore, to release defendant based on the likelihood of a reduced sentence, the Court must calculate that reduced sentence, and defendant must still serve that amount of time before being released pending appeal. *See, e.g.,* May 25, 2023 Order, *United States v. Brock,* D.C. Cir. Case No. 23-3045 (denying motion for release pending appeal in January 6 case where "the district court did not specifically address what appellant's "likely reduced sentence" would be if his conviction under 18 U.S.C. § 1512(c) is reversed. Nor has appellant made that showing…").

---

[2] Moynihan's comparison to sentences imposed in cases where defendants were charged only with misdemeanors (ECF 68 at 8-9) is inapposite. In those cases, the defendants were never charged with or convicted of a felony violation of § 1512(c)(2), and so their conduct was less serious than Moynihan's.

For all these reasons, the defendant's motion for release should be denied.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:              /s/
Robert Juman
Assistant United States Attorney
Bar No. NJ 033201993
United States Attorney's Office, Detailee
555 Fourth Street, N.W.
Washington, DC 20530
Phone: (786) 514-9990
E-mail: Robert.juman@usdoj.gov