**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 21-00226 (CRC)** |
| | ) | |
| **CHRISTOPHER MOYNIHAN** | ) | |
| | ) | |
| **Defendant** | ) | |

**DEFENDANT'S NOTICE OF CLARIFICATION OF STATUS AND
<u>MOTION TO AMEND ORDER OF DISMISSAL</u>**

Defendant Christopher Patrick Moynihan, through undersigned counsel, respectfully

submits this Notice of Clarification of Status and Motion to Amend Order of Dismissal.  As of

January 20, 2025 — the date of the president's Proclamation "Granting Pardons and

Commutations of Sentences for Certain Offenses Relating to the Events at or Near the United

States Capitol on January 6, 2021" — Mr. Moynihan's direct appeal challenging the validity of

his January 6th-related conviction and sentence was pending in the U.S. Court of Appeals for the

District of Columbia Circuit.  Consistent with the president's Proclamation and pursuant to

Federal Rule of Criminal Procedure 48(a), on January 21, 2025, the government moved to vacate

Mr. Moynihan's conviction and remand for dismissal with prejudice before his appeal could be

resolved on the merits.  Though the Circuit granted the government's motion and vacated Mr.

Moynihan's conviction, this Court's order of dismissal implies that Mr. Moynihan still has a

conviction for which he has merely been pardoned.  Because — for future employment purposes,

certain collateral consequences, etc. — having a pardoned conviction (which assumes the

validity of the conviction) differs materially from having no conviction at all, Mr. Moynihan

wishes to clarify his status and moves to amend the Court's order of dismissal.

In support of this request, Mr. Moynihan states as follows:

1) **Procedural Background:** On February 8, 2023, following a stipulated bench trial, this Court entered judgment against Mr. Moynihan for alleged violations of 18 U.S.C. § 1512(c)(2) & (2) and several misdemeanor counts based on his participation in the January 6, 2021 events at the United States Capitol. On February 17, 2023, Mr. Moynihan filed a timely notice of appeal, challenging his convictions and sentence.

Before any briefs had been filed, the D.C. Circuit held Mr. Moynihan's appeal in abeyance, first pending *United States v. Robertson*, No. 22-3062 (D.C. Cir), and then *Fischer v. United States*, No. 23-5572, in the United States Supreme Court. On February 28, 2024, after the Supreme Court's grant of certiorari in *Fischer*, this Court granted Mr. Moynihan's Motion for Release Pending Appeal, ordering him released from custody after the service of 12 months' incarceration, the statutory maximum on certain misdemeanor offenses.

2) **Effect of *Fischer v. United States*:** On June 28, 2024, the Supreme Court decided *Fischer*, holding that 18 U.S.C. § 1512(c)(2) requires proof that the defendant impaired or attempted to impair "the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding." *Fischer v. United States*, 144 S. Ct. 2176, 2190 (2024). On motion of the parties in this case, the Circuit continued the abeyance of Mr. Moynihan's appeal several times to allow the parties to confer and discuss how to proceed post *Fischer*.

On August 21, 2024, the government emailed defense counsel, stating: "After consideration, the government agrees that Moynihan's 1512 conviction should be vacated. If Moynihan does not intend to challenge his other convictions, the parties could file a joint motion to vacate the 1512 conviction and remand for further proceedings. If he does intend to raise other claims on appeal, we would like to work out a briefing schedule that the parties can jointly

propose to the circuit." T. Hill Email to L. Wright, Aug. 21, 2024 at 12:43:12 PM. Due to defense counsel's docket and intent to explore challenges to Mr. Moynihan's misdemeanor convictions on appeal, Mr. Moynihan's case remained in abeyance until, on November 27, 2024, the parties requested that the case be removed from abeyance and a briefing schedule be set. On December 2, 2024, the Circuit granted the parties' motion and ordered Mr. Moynihan to file his opening brief by February 25, 2025.

   3) **Post-*Fischer* Actual Innocence/Not Guilty Findings:** While Mr. Moynihan's appeal was pending post *Fischer*, several district court judges were confronted with § 1512 litigation in cases — unlike Mr. Moynihan's — in which the government had decided to defend and/or move forward with its § 1512 charge despite the Supreme Court's opinion in *Fischer*. For example, in *United v. DeCarlo*, No. 21-cr-73, 2024 WL 4650993 (D.D.C. Nov. 1, 2024), Judge Howell granted the defendants' motion to vacate under 28 U.S.C. § 2255, despite the defendants' failure to file direct appeals and notwithstanding the appeal and collateral attack waivers in their plea agreements, upon finding the defendants actually innocent of their § 1512 (c)(2) convictions in light of *Fischer*. On December 12, 2024, in *United States v. Lyons*, No. 21-cr-79, Judge Howell also granted the § 2255 petition of Mr. Lyons, again on actual innocence grounds in light of *Fischer*.[1] And on January 17, 2025, in *United States v. Baez*, No. 21-cr-507, Judge Friedman granted the defendant's motion for judgment of acquittal after the government's close of evidence at trial, finding, *inter alia*, that "[i]n viewing the evidence most favorably to the government, the Court concludes that the government has not offered sufficient evidence to

---

[1] At the motions hearing in *Lyons*, in response to a question by Judge Howell asking the government to explain why it had chosen to dismiss so many § 1512 charges, yet proceed with Mr. Lyons', the government responded using Mr. Moynihan's case as a comparison, explaining why it felt it could not defend Mr. Moynihan's § 1512 charge post *Fischer*.

sustain a conviction pursuant to 18 U.S.C. § 1512(c)(1), and Ms. Baez therefore is entitled to judgment of acquittal."  (ECF:131 at 24.)

    4)    **Pending Misdemeanor Challenges in the D.C. Circuit:**  Also while Mr. Moynihan's appeal was pending in the Circuit, there were several argued-but-pending appeals raising legal challenges to the application of several misdemeanor statutes charged in many January 6th prosecutions, including Mr. Moynihan's.  *See, e.g.*, *United States v. Griffin*, No. 22-3042 (pending petition for rehearing), and *United States v. Ballenger & Price*, Nos. 23-3198, 23-3199 (D.C. Cir.) (involving issues raised but not decided in *Griffin*).  These cases (which would not have been the exclusive bases for challenging Mr. Moynihan's misdemeanor convictions) were still pending as of January 20, 2025.

    5)    **The President's January 20, 2025 Proclamation:**  Before Mr. Moynihan's opening brief was due, on January 20, 2025, the president issued a proclamation granting "a full, complete and unconditional pardon to all [unexempted] individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021," and further directing the Attorney General "to pursue dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021."

    6)    **The Government's Motion in the D.C. Circuit:**  On January 22, 2025, the government filed an Unopposed Motion to Vacate Convictions and Remand for Dismissal under Federal Rule of Criminal Procedure 48(a), which authorizes the government to dismiss an indictment, information, or complaint with leave of court.  In support of its motion, the government referenced the aspect of the presidential Proclamation directing the Attorney General to pursue dismissal of all pending cases — not the language with respect to pardons —

and cited, *inter alia*, *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999), for the proposition that: "Under Federal Rule of Criminal Procedure 48(a), the government has the power to move to dismiss any count of the indictment as long as the defendant's appeal is pending and *the decision is therefore not final*." (Emphasis added here).

   7)  ***United States v. Alberts***, **No. 23-3128 (D.C. Cir.):** On the same day the government filed its motion to vacate and remand in Mr. Moynihan's case, it filed a similar — but opposed — motion in *United States v. Alberts*, No. 23-3128 (D.C. Cir.). After laying out its authority to seek dismissal under Rule 48(a), the government asserted that the Constitution vests in the Executive "'the exclusive authority and absolute discretion to decide whether to prosecute a case.'" *Id.* at 4 (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)); *see also, e.g.*, *id.* 4-5 (quoting *United States v. Fokker Services B.V.*, 818 F.3d 733, 737 (D.C. Cir. 2016), stating, "[t]he Executive's charging authority [also] embraces decisions about . . . whether to dismiss charges once brought"). Further, the government explained that Article III provides federal courts with judicial authority only over "Cases" and "Controversies" — i.e., "'dispute[s] between parties who face each other in an adversary proceeding.'" *Id.* at 6 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937). Thus, the government argued, "[i]t follows that, if the dispute between the parties comes to an end, the court's exercise of judicial power must end as well. Here, there is no live controversy between the parties. On appeal, Alberts seeks to have his convictions vacated; the government agrees with that remedy. There is thus no basis for the further exercise of judicial power beyond vacating Alberts's convictions and remanding for dismissal with prejudice." *Id.* at 6.

   In opposition, Mr. Alberts focused on the president's pardon — which is, as this Court has recognized, "'an act of grace'" which exempts an individual from punishment "'for a crime

he has committed,'" (ECF:78 (quoting *United States v. Wilson*, 32 U.S. 150, 160 (1833)) — as opposed to the vacatur and dismissal the government had requested in Mr. Alberts's case. Mr. Alberts sought, *inter alia*, the opportunity to "correct the historical record" and challenge the merits of the legal rulings underlying his conviction. Appellant's Response, *Alberts*, No. 23-3128, at 2 (D.C. Cir. Jan. 23, 2025). In other words, Mr. Alberts wanted to continue with his appeal so that he could demonstrate error and seek vindication on the merits. Otherwise, Mr. Alberts explained, the pardon would function as an effective *affirmance* of his conviction and allow future courts, employers, etc. to treat his conviction as valid (but forgiven) when, in reality, he had not been given the chance to challenge his non-final conviction on appeal before the president's pardon.

On January 24, 2025, with no case or controversy remaining, the D.C. Circuit vacated Mr. Alberts's conviction as requested by the government and remanded with instructions to dismiss the case as moot. The fact that the appellant had been pardoned was barely mentioned in the government's motion or in the Court's Order and seemingly played little to no role in the vacatur and order of dismissal —which left Mr. Alberts, unlike those J6 defendants who were pardoned *after* their convictions became final, with no collateral consequences of a conviction. The Circuit cited *United States v. Schaffer*, 240 F.3d 35, 37-38 (D.C. Cir 2001), for the proposition that when a case becomes moot on appeal, the Court vacates the judgment and remands for dismissal. In *Schaffer*, the *government's appeal* was mooted by a pardon because there was no conviction at the time of the pardon (the government was appealing the grant of a new trial) and after the pardon, there could be no conviction.

8)    **The D.C. Circuit's Mandate:**  On February 4, 2025, the D.C. Circuit granted the government's motion in Mr. Moynihan's case and, as in *Alberts*, "ORDERED that the judgment

of the district court be vacated and the case be remanded with instructions to dismiss the case as moot." The Circuit issued its mandate that same day.

9)    **This Court's February 5, 2025 Order of Dismissal:** On February 5, 2025, in response to the Circuit's mandate, this Court issued an Order, dismissing Mr. Moynihan's case as moot — but with explanation. (ECF:78.) The Court noted that the Order "does not constitute a finding of innocence," "[n]or does it affect the existence of probable cause for the Defendant's arrest and prosecution." (ECF:78 at 1.) In support of the first assertion, the Court included two case citations and parentheticals involving pardons, implying that Mr. Moynihan — whose conviction had been vacated by the D.C. Circuit and was otherwise, as of January 20, 2025, not final and still subject to challenge on appeal — was in the same position as those defendants with non-appealable final convictions: (1) *United States v. Wilson*, 32 U.S. 150, 160 (1833) (Marshall, C.J.) ("A pardon is an act of grace, proceeding from the power intrusted with the execution of the laws, which exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime *he has committed*."); and (2) *In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) ("[A] pardon does not blot out *guilt* or expunge a *judgment of conviction*[.]"). (ECF:78 at 1 (emphases added here).)

Mr. Moynihan seeks to clarify his legal status and respectfully requests amendment of the Court's February 5, 2025 dismissal order.

*        *        *

10)    **Clarification of Status:** As explained above, prior to the president's January 20, 2025 Proclamation, counsel for Mr. Moynihan had been informed that the government did not intend to defend its § 1512 charge (Mr. Moynihan's lone felony) on the mertis post-*Fischer*, and Mr. Moynihan's remaining misdemeanor charges were still pending appeal. In other words,

none of Mr. Moynihan's convictions were final as of the issuance of the president's

Proclamation, subjecting his case to voluntary dismissal under Rule 48(a) per the government's

request on January 21st.  Unlike January 6th defendants whose convictions had become final

before January 20th — whether through a failed appeal, a decision not to appeal, a plea

agreement's appeal waiver, etc. — Mr. Moynihan was still in the process of challenging the

validity of his convictions.  While it is correct that the government's decision not to proceed with

the prosecution of Mr. Moynihan's case — leaving no case or controversy — mooted his appeal

and required dismissal, it is important to recognize that Mr. Moynihan and those whose appeals

were pending as of January 20, 2025, have a different status than those defendants who were

solely pardoned.  The non-final convictions of those pending appeal were *vacated* and their cases

are being *dismissed*.  Thus, unlike those whose convictions remain, but have been forgiven,

defendants like Mr. Moynihan *do not have convictions*.  The government's decision not to

proceed with Mr. Moynihan's prosecution — though welcome — denied him the chance to seek

vindication on the merits on appeal.  Mr. Moynihan should not therefore be viewed as though his

convictions were presumptively valid.

11)    **Request to Amend:**  In light of Mr. Moynihan's status, Mr. Moynihan

respectfully requests that the Court amend its dismissal order to (1) delete anything beyond the

dismissal and vacatur of deadlines; or, in the alternative, (2) delete the *Wilson* and *North*

citations and parentheticals.  In addition to being beyond the scope of the D.C. Circuit's

mandate, the citations and parentheticals do not apply to Mr. Moynihan's status and are thus

unnecessary, materially misleading, and prejudicial to Mr. Moynihan moving forward with his

life.  While it is of course correct that the Court's dismissal order "does not constitute a finding

of innocence" — just as a jury's "not guilty" verdict is not a finding of innocence — the Court's

parentheticals imply that it was the president's pardon of a final conviction, and not the government's affirmative motion to vacate and dismiss a *non-final* conviction pursuant to Rule 48(a), that led to the dismissal in this case. The Court's *Wilson* quote conveys that a pardon is an act of forgiveness "for a *crime* [an individual] *has committed*." 32 U.S. at 160 (emphasis added). But in light of the Circuit's vacatur of Mr. Moynihan's conviction, there is no valid finding that Mr. Moynihan has in fact (and law) committed a crime. The Court's *North* quote is even more misplaced, stating that "a pardon does not blot out *guilt* or expunge a *judgment of conviction*," 62 F.3d at 1437, when there is no valid finding of guilt or judgment of conviction in this case. The Court's citations treat the D.C. Circuit's vacatur and dismissal order as the product of a pardon, under which guilt remains and the judgment stands — the exact opposite of what it was. While the citations may apply to those defendants who were pardoned after the opportunity to challenge their convictions had either failed or expired, they do not apply to Mr. Moynihan. Because Mr. Moynihan will likely be asked by future employers, creditors, etc., to produce the dismissal order for this case, the inclusion of language implying that he has a valid conviction that was merely forgiven via pardon is both incorrect and highly prejudicial — especially so given that Mr. Moynihan's only felony under 18 U.S.C. § 1512 is invalid in light of the government's *Fischer* concession and the "actual innocence" findings in cases the government did not concede.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender

_____/s/_____
Rosanna M. Taormina
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500